IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MELISSA FORT** | § | |
| | § | **CIVIL ACTION NO.** |
| **VS.** | § | _____ |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Wal-Mart Stores Texas, LLC, files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I. INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 95th District Court of Dallas County, Texas, where this matter was pending under Cause No. DC-22-03598 in a matter styled *Melissa Fort vs. Wal-Mart Stores Texas, LLC* (the "State Court Action").

### II. NATURE OF THE SUIT

2. This is a premises liability lawsuit alleging claims of personal injury resulting from Defendant's alleged actions or inactions. *Plaintiff's Original Petition p. 2.*

3. Plaintiff Melissa Fort alleges she was injured when she slipped and fell on a liquid substance while shopping at Defendant's store located in Garland, Dallas County, Texas. *Plaintiff's Original Petition p. 2.*

4. Plaintiff brought her lawsuit against Defendant in the 95th District Court of Dallas County, Texas. *See Plaintiff's Original Petition p. 1.*

### III.     TIMELINESS OF REMOVAL

5. Plaintiff commenced this lawsuit by filing her Original Petition on April 1, 2022. Defendant Wal-Mart Stores Texas, LLC accepted service on April 12, 2022 through its agent, CT Corporation.

6. This removal is timely because it is being filed within one year from the date Plaintiff filed suit and within 30 days after Defendant ascertained that the case has become removable.  28 U.S.C. §§ 1446(b)(3), 1446(c)(1).

### IV.     BASIS FOR REMOVAL JURISDICTION

7. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Plaintiff admits she is a citizen of Texas. *Plaintiff's Original Petition p. 2*.

9. Plaintiff sued and served Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. V. Conagra Foods, Inc.,* 136 S. Ct. 1012, 106 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24,* 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre, 615CV0558LEKTWD,* 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme

Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

10. There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendant.

11. The amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Plaintiff alleges she sustained physical injuries to her body. *See Plaintiff's Original Petition p. 2*. Plaintiff seeks damages for alleged medical care and expenses past and future, pain and suffering past and future, mental anguish past and future, impairment past and future, lost wages and loss of earning capacity past and future, and disfigurement past and future. *Plaintiff's Original Petition p. 3*.

12. On July 12, 2022, Plaintiff sent a demand letter to Defendant with a demand exceeding $75,000.00. This demand letter is sufficient to demonstrate that Plaintiff's case has become removable. *Addo v. Globe Life & Acc. Ins.*, 230 F.3d 7590, 762 (5th Cir. 2000).

13. Defendant subsequently requested Plaintiff stipulate that she is seeking damages less than $75,000 in damages, exclusive of interest and costs. Plaintiff's counsel responded that she could not stipulate. Thus, there is a presumption that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. *Heitman v. State Farm Mut. Auto. Ins. Co.*, No. 5:02-CV-0433-D, 2002 U.S. Dist. LEXIS 6192 (N.D. Tex. April. 9, 2002).

### V. THIS NOTICE IS PROCEDURALLY CORRECT

14. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendant is not a citizen of Texas, the state in which the action was brought. This action is

removable to this Court and venue is proper because this United States District Court and the Northern District of Texas embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

15. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

> A: Index of all documents filed in the State Court Action.
>
> B: Docket Sheet in the State Court Action.
>
> C: Copies of all process, pleadings and orders filed in State Court.
>
> D: Signed Certificate of Interested Persons.

16. Defendant is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Certificate of Interested Persons.

17. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

18. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 95th District Court of Dallas County, Texas.

19. Plaintiff has not demanded a jury trial in the State Court Action. Defendant has demanded a jury trial in the State Action.

20. Trial has not commenced in the 95th District Court..

## V. CONCLUSION

21. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 95th District

Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Wal-Mart Stores Texas, LLC, pursuant to and in conformance with the statutory requirements, remove this action from the 95th District Court of Dallas County, Texas, to this Court.

                                          **Respectfully submitted**,

By: */s/ Stacy Hoffman Bruce*
      **STACY HOFFMAN BRUCE**
      Texas Bar No. 24036793
      sbruce@cobbmartinez.com
      **JOSHUA VILLARREAL**
      Texas Bar No. 24125871
      jvillarreal@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5210
(214) 220-5299 Fax

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I certify a true and correct copy of this document has been forwarded to the following counsel of record either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 11th day of August, 2022:

    Zohra I. Mavani
    Daspit Law Firm
    600 N. Pearl Street, Suite S2205
    Dallas, TX  75201

                                          */s/ Stacy Hoffman Bruce*
                                          **STACY HOFFMAN BRUCE**